**UDALL | SHUMWAY**
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax:  480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Kimberly R. Davis - # 030210
krd@udallshumway.com
Attorneys for Defendant Maricopa County Community College District

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Cindi Tanner, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, a political subdivision of Arizona; Maria Wise, an individual and in her official capacity; Vivian Miranda-Strawbridge, an individual and in her official capacity,<br><br>                    Defendants. | NO. **CV-18-00377-PHX-SPL**<br><br>**DEFENDANT MARICOPA COUNTY COMMUNITY COLLEGE DISTRICT'S SECOND AMENDED ANSWER AND JURY DEMAND** |

Defendant Maricopa County Community College District ("District") hereby admits, denies and alleges in response to the allegations of the Complaint as follows:

1. The District admits that Cynthia Tanner, aka Cindi Tanner, is a resident of Maricopa County, Arizona.

2. The District admits the allegations of ¶ 2 of the Complaint.

3. The District admits that Maria Wise ("Dr. Wise"), Ed.D, has since April 23, 2016 served as the Vice President of Academic and Student Affairs and Title IX

1  Coordinator at GateWay Community College ("GateWay").  The remaining allegations of ¶ 3 of the Complaint are denied.

4.     The District admits that since September 12, 2016 Vivian Miranda-Wendelken (who was formerly known as Vivian Miranda-Strawbridge) (hereinafter "Dr. Miranda") served as GateWay's Dean of Student Success and Retention.  The remaining allegations of ¶ 4 of the Complaint are denied.

5.     The District admits that the Maricopa County Superior Court had jurisdiction over the subject matter alleged in the Complaint.  The remaining allegations of ¶ 5 of the Complaint are denied.  The District affirmatively alleges that this federal court has jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331, 1343 and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.   The District further alleges that this action was timely and properly removed from the Maricopa County Superior Court to this federal court pursuant to 28 U.S.C. §§ 1441-1442, 1446.

6.     The District admits that Maricopa County was the proper venue in State Court as the Plaintiff and the named Defendants resided in and/or conducted business within that County.  The District affirmatively alleges that venue is proper in this federal District Court.

7.     The District admits that Plaintiff became a part-time employee of the District during the Spring of 2015 and she served as a full-time employee from January 3, 2017 until her termination on June 15, 2017.

8.     The District admits that from January 3, 2017 until her termination on June 15, 2017 Plaintiff served as the Office Coordinator II who worked in the Disability Resources and Services ("DRS") office located at GateWay's Washington campus.

9.     The District denies the allegations of ¶ 9 of the Complaint.

10.    The District admits that from January 3, 2017 until her termination on June 15, 2017 Plaintiff served as the Office Coordinator II who worked in the DRS office located at GateWay's Washington campus.  The remaining allegations of ¶ 10 of the Complaint are denied.

2

1  11.  The District denies the allegations of ¶ 11 of the Complaint.
2  12.  The District denies the allegations of ¶ 12 of the Complaint.
3  13.  The District denies the allegations of ¶ 13 of the Complaint.
4  14.  The District denies the allegations of ¶ 14 of the Complaint.
5  15.  The District denies the allegations of ¶ 15 of the Complaint.
6  16.  The District denies the allegations of ¶ 16 of the Complaint.
7  17.  The District denies the allegations of ¶ 17 of the Complaint.
8  18.  The District denies the allegations of ¶ 18 of the Complaint.
9  19.  The District denies the allegations of ¶ 19 of the Complaint.
10 20. The District denies the allegations of ¶ 20 of the Complaint.
11 21. The District denies the allegations of ¶ 21 of the Complaint.
12 22. The District lacks sufficient information as to the truth of the allegations of ¶ 22 of the Complaint and, therefore, denies such allegations.
14 23. The District lacks sufficient information as to the truth of the allegations of ¶ 23 of the Complaint and, therefore, denies such allegations.
16 24. The District denies the allegations of ¶ 24 of the Complaint.
17 25. The District denies the allegations of ¶ 25 of the Complaint.
18 26. The District denies the allegations of ¶ 26 of the Complaint
19 27. The District denies the allegations of ¶ 27 of the Complaint.
20 28. The District denies the allegations of ¶ 28 of the Complaint.
21 29. The District admits that Dr. Miranda, the acting DRS Manager in the absence of James Rogers, asked Plaintiff to provide via campus e-mail, addressed to Dr. Miranda, disability records for one or more students who Dr. Miranda had to meet with to assess them for determinations regarding eligibility and/or reasonable accommodations. The District denies the remaining allegations of ¶ 29 of the Complaint.
26 30. The District denies the allegations of ¶ 30 of the Complaint.

3

31. The District admits that Dr. Miranda sought and obtained direct access to GateWay's disability database on or about February 16, 2017. The District denies the remaining allegations of ¶ 31 of the Complaint.

32. The District admits that in a May 28, 2017 letter from Plaintiff to Dr. Miranda it refers to alleged FERPA violations. The District admits that Plaintiff was terminated on June 15, 2017, but affirmatively alleges that the process for termination was begun prior to May 28, 2017. The District affirmatively alleges that the transmittal via the District's secure e-mail system to Dr. Miranda would and did not violate FERPA, 20 U.S.C. § 1232g, and Plaintiff was or should have been aware prior to that time that James Rogers, the DRS Manager, had transmitted student disability records via campus email to Dr. Miranda when appropriate for her to see them so she could perform her job duties.

33. Upon information and belief, the District admits that Plaintiff did contact Eugene ("Gene") Heppard, the DRS Manager for DRS at Phoenix College, another college operated by the District. The District denies the remaining allegations of ¶ 33 of the Complaint.

34. Upon information and belief, on or about February 9, 2017 Plaintiff sent a text to Gene Heppard. The District lacks sufficient information as to the truth of the remaining allegations of ¶ 34 of the Complaint and, therefore, denies such allegations. The District affirmatively alleges that the text contained inappropriate criticisms of or disparaging statements by Plaintiff regarding GateWay's administration including Dr. Wise and Dr. Miranda.

35. The District denies the allegations of ¶ 35 of the Complaint. The District affirmatively alleges that Gene Heppard shared the fact of the inappropriate criticisms or disparaging statements by Plaintiff with Phoenix College's Interim Vice President of Student Affairs. That Vice President shared with Dr. Wise only the fact of the inappropriate criticisms or disparaging statements by Plaintiff.

36. The District denies the allegations of ¶ 36 of the Complaint. The District affirmatively alleges that Plaintiff was advised that the sharing of inappropriate criticisms or disparaging statements with persons employed by the District at other colleges regarding perceived problems with her supervisors at GateWay was inappropriate.

37. The District denies the allegations of ¶ 37 of the Complaint.

38. The District denies the allegations of ¶ 38 of the Complaint.

39. The District lacks any information regarding the allegations of ¶ 39 and, therefore, denies such allegations.

40. The District lacks any information regarding the allegations of ¶ 40 and, therefore, denies such allegations.

41. The District lacks any information regarding the allegations of ¶ 41 and, therefore, denies such allegations.

42. The District lacks any information regarding the allegations of ¶ 42 and, therefore, denies such allegations.

43. The District lacks any information regarding the allegations of ¶ 43 and, therefore, denies such allegations.

44. The District lacks any information regarding the allegations of ¶ 44 and, therefore, denies such allegations.

45. The District lacks any information regarding the allegations of ¶ 45 and, therefore, denies such allegations.

46. The District lacks any information regarding the allegations of ¶ 46 and, therefore, denies such allegations.

47. The District lacks any information regarding the allegations of ¶ 47 and, therefore, denies such allegations.

48. The District lacks any information regarding the allegations of ¶ 48 and, therefore, denies such allegations. The District affirmatively alleges that it was not notified that Plaintiff filed a complaint with US Department of Education's Office of Civil Rights.

49. The District lacks any information regarding the allegations of ¶ 49 and, therefore, denies such allegations.

50. The District admits that on May 28, 2017 Plaintiff delivered to Dr. Miranda a letter alleging violations of the Americans with Disabilities Act ("ADA"), regulations based on the ADA, FERPA, Title IX set forth in 20 U.S.C. § 1681 et seq., and practices recommended by a private organization known as AHEAD. The letter speaks for itself as to what was alleged. The District denies the remaining allegations of ¶ 50 of the Complaint. The District denies that it violated any applicable laws.

51. The District denies the allegations of ¶ 51 of the Complaint.

52. The District admits that on February 27, 2017 Dr. Miranda, as acting DRS Manager, met with Plaintiff to go over Dr. Miranda's workplace expectations for Plaintiff to properly perform her duties in the Office Coordinator II position; that Dr. Miranda explained to Plaintiff that she, like all full-time employees, was required to accurately and fully enter information and complete her time card using the District's Human Capital Management system; that Dr. Miranda also explained that she was responsible for entering information and submitting invoices for the payment of various persons or companies who provided services such as note-taking and interpreting using the District's financial system; that scheduling services and submitting for the payment for such services represented a major aspect of up to 30% of the essential duties of an Office Coordinator II; and Dr. Miranda indicated Plaintiff should obtain training to fulfill these duties. The District denies the remaining allegations of ¶ 52 of the Complaint.

53. The District denies the allegations of ¶ 53 of the Complaint.

54. The District admits that at some time Dr. Miranda advised Plaintiff that she was inappropriately entering information in DRS case notes for an individual student. The District denies the remaining allegations of ¶ 54 of the Complaint.

55. The District denies the allegations of ¶ 55 of the Complaint.

56. The District denies the allegations of ¶ 56 of the Complaint.

57. The District denies the allegations of ¶ 57 of the Complaint.

58. The District denies the allegations of ¶ 58 of the Complaint.

59. The District does have records including the Workplace Expectations document, various e-mails, and other documents regarding the duties for which Plaintiff was responsible. The District denies the remaining allegations of ¶ 59 of the Complaint.

60. The District admits that Plaintiff had to be told on several occasions that her duties were to provide general procedural information to students, staff and faulty, and it was not her role as the Office Coordinator II in DRS to make substantive assessments or determinations. The District denies the remaining allegations of ¶ 60 of the Complaint.

61. The District denies the allegations of ¶ 61 of the Complaint.

62. The District denies the allegations of ¶ 62 of the Complaint.

63. The District admits that on May 3, 2017 Dr. Miranda sent an e-mail to Plaintiff and affirmatively alleges that such e-mail speaks for itself. The District denies the remaining allegations of ¶ 63 of the Complaint.

64. The District denies the allegations of ¶ 64 of the Complaint.

65. The District admits that Plaintiff stated that her son had tried to commit suicide and that as a result she was unavailable to work for a period of time. The District further admits and/or alleges that Spring Break in the Spring 2017 semester at GateWay was March 13-19, 2017 and the entire college at all campuses was closed March 16-19, 2017. The District denies the remaining allegations of ¶ 65 of the Complaint.

66. The District admits that Dr. Miranda was informed of Plaintiff's situation regarding her son. The District denies the remaining allegations of ¶ 66 of the Complaint.

67. The District denies the allegations of ¶ 67 of the Complaint.

68. The District denies the allegations of ¶ 68 of the Complaint.

69. The District denies the allegations of ¶ 69 of the Complaint.

70. The District denies the allegations of ¶ 70 of the Complaint.

71. The District admits that due to Plaintiff's failure to obtain the training which she was directed to get by Dr. Miranda, Plaintiff was aware that she failed to take the

7

1  necessary steps to get vendors timely and properly paid. The District denies the remaining allegations of ¶ 71 of the Complaint.

72. The District admits that on June 15, 2017 Plaintiff was notified by letter that she was terminated as of that date and this date was before the end of her probationary period. The District affirmatively alleges it had the sole right to terminate Plaintiff's employment at any time.

73. The District admits the allegations of ¶ 73 of the Complaint.

74. The District admits that Plaintiff on April 24, 2017 provided to Alyssa Brown, a HR Business Partner with the District's HR Solutions Center, a letter from Surge Points. The letter speaks for itself as to its contents. The District denies the remaining allegations of ¶ 74 of the Complaint.

75. The District admits that on May 1 or 2, 2017, Plaintiff submitted a Request for Reasonable ADA Accommodations form to the District's HR Solutions Center which alleged Plaintiff suffered from Post-Traumatic Stress Disorder. The document speaks for itself as to its content. The District denies the remaining allegations of ¶ 75 of the Complaint. The District affirmatively alleges that although provided with the proper form, Plaintiff failed to submit the other form necessary for the District to process a request for accommodation.

76. The District admits that the quoted language appears in a portion of the Request for Reasonable ADA Accommodations form submitted by Plaintiff. The District denies that the statement is accurate.

77. The District admits that such language appears in a portion of the Request for Reasonable ADA Accommodations form submitted by Plaintiff. The District denies that the statement is accurate or requests a reasonable accommodation for a disability under District policy, the ADA or the Rehabilitation Act.

78. The District denies the allegations of ¶ 78 of the Complaint.

79. The District denies the allegations of ¶ 79 of the Complaint.

80. The District lacks sufficient information as to the truth of the allegations in ¶ 80 of the Complaint and, therefore, denies such allegations. The District affirmatively alleges that Plaintiff represented and/or ratified her time cards which are inconsistent with such claim.

81. The District denies the allegations of ¶ 81 of the Complaint.

82. The District admits that Plaintiff's hourly rate for pay in 2017 was $16.80 per hour. The District denies the remaining allegations of ¶ 82 of the Complaint.

83. The District lacks sufficient information as to the truth of the allegations in ¶ 83 of the Complaint and, therefore, denies such allegations. The District affirmatively alleges that Plaintiff represented and/or ratified her time cards which are inconsistent with such claim.

84. The District paid Plaintiff for all time reported by and for her in 2016 and 2017. The District denies the remaining allegations of ¶ 84 of the Complaint.

85. The District denies the allegations of ¶ 85 of the Complaint.

86. The District denies the allegations of ¶ 86 of the Complaint.

87. The District denies the allegations in ¶ 87 of the Complaint.

**FIRST CLAIM FOR RELIEF**

88. In response to the allegations of ¶ 88 of the Complaint, the District incorporates its admission, denials and other responses set forth above or below.

89. The allegations of ¶ 89 of the Complaint do not seem to call for any admission or denial. The District acknowledges 42 U.S.C. § 12203(a), which is part of the ADA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The District denies that it violated such statute.

90. The allegations of ¶ 90 of the Complaint do not seem to call for any admission or denial. The District acknowledges 42 U.S.C. § 12203(b), which is part of the ADA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The District denies that it violated such statute.

91. The District denies the allegations of ¶ 91 of the Complaint.

9

92. The District admits that Plaintiff delivered a letter on May 28, 2017 to Dr. Miranda and that Plaintiff was terminated on June 15, 2017. The District denies those events are in any way related.

93. The allegations of ¶ 93 of the Complaint do not seem to call for any admission or denial. The District acknowledges the Rehabilitation Act and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The District denies that it violated such statute.

94. The District admits that Plaintiff delivered on or about May 1 or 2, 2017 a form requesting a reasonable accommodation and that Plaintiff was terminated on June 15, 2017. The District denies those events are in any way related.

95. The District denies the allegations of ¶ 95 of the Complaint.

96. Except to the extent expressly admitted herein, the District denies every allegation of the First Claim for Relief and ¶ 1 through 95 of the Complaint, whether viewed singly or in combination.

## SECOND CLAIM FOR RELIEF

97. In response to the allegations of ¶ 96 of the Complaint, the District incorporates its admission, denials and other responses set forth above or below.

98. The allegations of ¶ 97 of the Complaint do not seem to call for any admission or denial. The District acknowledges A.R.S. § 38-532 and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The District denies that it violated such statute.

99. The allegations of ¶ 98 and 99 of the Complaint do not seem to call for any admission or denial. The District acknowledges A.R.S. § 23-1501(3)(c)(ii) and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The District denies that it violated such statute.

100. The District admits that on May 28, 2017 Plaintiff delivered to Dr. Miranda a letter regarding alleged violations as set forth in the letter. The District denies the

1 remaining allegations of ¶ 100 of the Complaint. The District denies it violated any applicable law or retaliated for any disclosure protected by law.

101. The District denies the allegations of ¶ 101 of the Complaint.

102. The allegations of ¶ 102 of the Complaint do not seem to call for any admission or denial. The District acknowledges A.R.S. § 23-1501(3)(c)(i) and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The District denies that it violated such statute.

103. The District denies the allegations of ¶ 103 of the Complaint.

104. Except to the extent expressly admitted herein, the District denies every allegation of the Second Claim for Relief and ¶ 1 through 103 of the Complaint, whether viewed singly or in combination.

## THIRD CLAIM FOR RELIEF

105. In response to the allegations of ¶ 104 of the Complaint, the District incorporates its admission, denials and other responses set forth above or below.

106. The allegations of ¶ 105 of the Complaint do not seem to call for any admission or denial. The elements of the tort of intentional infliction of emotional distress are set forth in case law. The District denies that it committed this tort.

107. The District denies the allegations of ¶ 106 of the Complaint.

108. The District denies the allegations of ¶ 107 of the Complaint.

109. The District denies the allegations of ¶ 108 of the Complaint.

110. The District denies the allegations of ¶ 109 of the Complaint.

111. The allegations of ¶ 110 of the Complaint do not seem to call for any admission or denial. The doctrine of respondeat superior is as set forth in case law.

112. The District admits that the acts and omissions of Dr. Wise and Dr. Miranda were done in the course of their employment, and the District would be liable under the common law respondeat superior doctrine for this state law claim for their actions and omissions.

113. The District denies the allegations of ¶ 112 of the Complaint.

1      114.    The District denies the allegations of ¶ 113 of the Complaint.

2      115.    The District denies the allegations of ¶ 114 of the Complaint.

3      116.    The District denies the allegations of ¶ 115 of the Complaint.

4      117.    Except to the extent expressly admitted herein, the District denies every allegation of the Third Claim for Relief and ¶ 1 through 115 of the Complaint, whether viewed singly or in combination.

## FOURTH CLAIM FOR RELIEF

118.    This claim has been dismissed pursuant to stipulation of the parties and an order of this Court, so no response is necessary.

## AFFIRMATIVE DEFENSES

119.    The District alleges the Complaint and each claim for relief fails to state a valid claim upon which relief can be granted.

120.    The District affirmatively alleges that Plaintiff's state law claims may be barred in part for the failure to timely comply with the notice of claim statute, A.R.S. § 12-821.01, having filed her notice on August 1, 2017 making any claim which accrued on or before February 2, 2017 barred.

121.    The District affirmatively alleges that Plaintiff's state law claims may be barred in part for the failure to timely file this action pursuant to A.R.S. § 12-541 or A.R.S. § 12-821, so that any state law claims accruing before January 9, 2017 would be barred.

122.    The District affirmatively alleges that any claim for punitive damages is barred pursuant to A.R.S. § 12-820.04 and/or 42 U.S.C. § 1981a.

123.    The District affirmatively alleges that any claim for damages or equitable relief under the ADA or the Rehabilitation Act is subject to the limitations set forth in 42 U.S.C. § 1981a.

124.    The Defendants affirmatively allege that their statements regarding Plaintiff are or may be privileged under the First Amendment, the Arizona Constitution, and the common law and they did not utter such statements with actual malice as defined in court cases.

125. The Defendants affirmatively allege that their statements regarding Plaintiff were true or substantially true which is a complete defense.

126. The Defendants affirmatively allege that Plaintiff's claims which are based upon statements made regarding Plaintiff are subject to the framework and standards for a defamation action under the First Amendment, the Arizona Constitution, and the common law.

127. The Defendants affirmatively allege that Plaintiff's claim for infliction of emotional distress may be barred under Arizona's workers compensation statutes.

128. The District affirmatively alleges that it would have taken the same action towards Plaintiff without regard to any alleged unlawful criteria or protected activity.

129. The District affirmatively alleges that the District exercised care in preventing and correcting promptly any alleged discrimination, and Plaintiff's claims may be barred or limited due to her failure to utilize the policies and procedures offered by the District for dealing internally with alleged discriminatory acts, hostile working environments, and retaliation. The *Faragher/Ellerth* defense applies to protect the District if an ADA claim is cognizable.

130. The District affirmatively alleges that it had legitimate non-discriminatory and non-retaliatory reasons for all decisions and actions regarding Plaintiff.

131. The Defendants affirmatively allege that Plaintiff's unclean hands, including violating FERPA, the ADA, and the Rehabilitation Act, should preclude or limit her equitable remedies and/or damages.

132. The District affirmatively alleges that the Plaintiff has and/or may have failed to mitigate or avoid her damages.

133. The District affirmatively alleges that Plaintiff's receipt of unemployment benefits should reduce her claimed damages.

134. The District reserves the right to make a claim under A.R.S. § 38-532(M) against Plaintiff for knowingly making a false claim.

135. The District affirmatively alleges that Plaintiff assumed the risk, was contributorily negligent and/or was otherwise at fault for her state law claim and such fault should reduce her damages pursuant to A.R.S. § 12-2506.

136. The District affirmatively alleges the abolition of joint and several liability pursuant to A.R.S. § 12-2506.

137. The District affirmatively alleges that it may be entitled to recover their reasonable attorney's fees, expert witness fees, costs, and/or expenses pursuant to A.R.S. § 12-341.01, 42 U.S.C. § 1988, and/or 42 U.S.C. § 12205.

138. The District affirmatively alleges that it may be entitled to recover its taxable costs incurred in this action.

## **DEMAND FOR A JURY TRIAL**

The District hereby requests a jury trial on all issues triable to a jury.

Wherefore, the District having answered the allegations of the Complaint, pray that this action be dismissed with prejudice and Plaintiff taking nothing; that this Court deny any request for injunctive relief; award the District their reasonable attorney's fees incurred in defending this action; award the District their taxable costs incurred in defending this action; and for such other and further relief as this Court deems just and proper.

DATED: May 18, 2018.

UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
1138 North Alma School Road
Suite 101
Mesa, AZ  85201
Attorneys for Defendant Maricopa County
Community College District

14

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018, I electronically filed the attached document using ECF for filing and transmitted the document through ECF to the following registered ECF users:

Israel G. Torres
James E. Barton, II
Saman Golestan
TORRES LAW GROUP, PLLC
2239 W. Baseline Rd.
Tempe, AZ  85283
Attorneys for Plaintiff

     /s/ Kimberly Kershner

5148728.1
109883.022