# UDALL | SHUMWAY
COUNSELORS AT LAW SINCE 1965

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax: 480.833.9392

David R. Schwartz - #009264
das@udallshumway.com
Kimberly R. Davis - # 030210
krd@udallshumway.com
Attorneys for Defendant Maricopa County
Community College District, Wise and Miranda

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Cindi Tanner, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, a political subdivision of Arizona; Maria Wise, an individual and in her official capacity; Vivian Miranda-Strawbridge, an individual and in her official capacity,<br><br>    Defendants. | NO. **CV-18-00377-PHX-SPL**<br><br>**DEFENDANTS MARIA WISE AND VIVIAN MIRANDA-WENDELKEN'S FIRST AMENDED ANSWER AND JURY DEMAND** |

Defendants Maria Wise and Vivian Miranda-Wendelken hereby (collectively "Defendants") admit, deny and allege in response to the allegations of the Complaint as follows:

1. The Defendants admit that Cynthia Tanner, aka Cindi Tanner, is a resident of Maricopa County, Arizona.

2. The Defendants admit the allegations of ¶ 2 of the Complaint.

3. The District admit that Defendant Maria Wise, Ed. D (hereinafter "Dr. Wise"), has since April 23, 2016 served as the Vice President of Academic and Student

Affairs and Title IX Coordinator at GateWay Community College ("GateWay"). The remaining allegations of ¶ 3 of the Complaint are denied.

4. The Defendants admit that since September 12, 2016 Defendant Vivian Miranda-Wendelken (who was formerly known as Vivian Miranda-Strawbridge) (hereinafter "Dr. Miranda") served as GateWay's Dean of Student Success and Retention. The remaining allegations of ¶ 4 of the Complaint are denied.

5. The Defendants admit that the Maricopa County Superior Court had jurisdiction over the subject matter alleged in the Complaint. The remaining allegations of ¶ 5 of the Complaint are denied. The Defendants affirmatively allege that this federal court has jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331, 1343 and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The Defendants further allege that this action was timely and properly removed from the Maricopa County Superior Court to this federal court pursuant to 28 U.S.C. §§ 1441-1442, 1446 and these Defendants do hereby consent to such removal.

6. The Defendants admit that Maricopa County was the proper venue in State Court as the Plaintiff and the named Defendants resided in and/or conducted business within that County. The Defendants affirmatively allege that venue is proper in this federal District Court.

7. The Defendants admit that Plaintiff became a part-time employee of the Maricopa County Community College District ("District") during the Spring of 2015 and she served as a full-time employee from January 3, 2017 until her termination on June 15, 2017.

8. The Defendants admit that from January 3, 2017 until her termination on June 15, 2017 Plaintiff served as the Office Coordinator II who worked in the Disability Resources and Services ("DRS") office located at GateWay's Washington campus.

9. The Defendants deny the allegations of ¶ 9 of the Complaint.

10. The Defendants admit that from January 3, 2017 until her termination on June 15, 2017 Plaintiff served as the Office Coordinator II who worked in the DRS office

2

located at GateWay's Washington campus. The remaining allegations of ¶ 10 of the Complaint are denied.

11. The Defendants deny the allegations of ¶ 11 of the Complaint.

12. The Defendants deny the allegations of ¶ 12 of the Complaint.

13. The Defendants deny the allegations of ¶ 13 of the Complaint.

14. The Defendants deny the allegations of ¶ 14 of the Complaint.

15. The Defendants deny the allegations of ¶ 15 of the Complaint.

16. The Defendants deny the allegations of ¶ 16 of the Complaint.

17. The Defendants deny the allegations of ¶ 17 of the Complaint.

18. The Defendants deny the allegations of ¶ 18 of the Complaint.

19. The Defendants deny the allegations of ¶ 19 of the Complaint.

20. The Defendants deny the allegations of ¶ 20 of the Complaint.

21. The Defendants deny the allegations of ¶ 21 of the Complaint.

22. The Defendants lacks sufficient information as to the truth of the allegations of ¶ 22 of the Complaint and, therefore, deny such allegations.

23. The Defendants lacks sufficient information as to the truth of the allegations of ¶ 23 of the Complaint and, therefore, deny such allegations.

24. The Defendants deny the allegations of ¶ 24 of the Complaint.

25. The Defendants deny the allegations of ¶ 25 of the Complaint.

26. The Defendants deny the allegations of ¶ 26 of the Complaint

27. The Defendants deny the allegations of ¶ 27 of the Complaint.

28. The Defendants deny the allegations of ¶ 28 of the Complaint.

29. The Defendants admit that Dr. Miranda, the acting DRS Manager in the absence of James Rogers, asked Plaintiff to provide via campus e-mail, addressed to Dr. Miranda, disability records for one or more students who Dr. Miranda had to meet with to assess them for determinations regarding eligibility and/or reasonable accommodations. The Defendants deny the remaining allegations of ¶ 29 of the Complaint.

30. The Defendants deny the allegations of ¶ 30 of the Complaint.

31. The Defendants admit that Dr. Miranda sought and obtained direct access to GateWay's disability database on or about February 16, 2017. The Defendants deny the remaining allegations of ¶ 31 of the Complaint.

32. The Defendants admit that in a May 28, 2017 letter from Plaintiff to Dr. Miranda it refers to alleged FERPA violations. The Defendants admits that Plaintiff was terminated on June 15, 2017, but affirmatively alleges that the process for termination was begun prior to May 28, 2017. The Defendants affirmatively alleges that the transmittal via the District's secure e-mail system to Dr. Miranda would and did not violate FERPA, 20 U.S.C. § 1232g, and Plaintiff was or should have been aware prior to that time that James Rogers, the DRS Manager, had transmitted student disability records via campus email to Dr. Miranda when appropriate for her to see them so she could perform her job duties.

33. Upon information and belief, the Defendants admit that Plaintiff did contact Eugene ("Gene") Heppard, the DRS Manager for DRS at Phoenix College, another college operated by the District. The Defendants deny the remaining allegations of ¶ 33 of the Complaint.

34. Upon information and belief, on or about February 9, 2017 Plaintiff sent a text to Gene Heppard. The Defendants lack sufficient information as to the truth of the remaining allegations of ¶ 34 of the Complaint and, therefore, deny such allegations. The Defendants affirmatively alleges that the text contained inappropriate criticisms of or disparaging statements by Plaintiff regarding GateWay's administration including Dr. Wise and Dr. Miranda.

35. The Defendants deny the allegations of ¶ 35 of the Complaint. The Defendants affirmatively alleges that Gene Heppard shared the fact of the inappropriate criticisms or disparaging statements by Plaintiff with Phoenix College's Interim Vice President of Student Affairs. That Vice President shared with Dr. Wise only the fact of the inappropriate criticisms or disparaging statements by Plaintiff.

36. The Defendants deny the allegations of ¶ 36 of the Complaint. The Defendants affirmatively alleges that Plaintiff was advised that the sharing of inappropriate criticisms or disparaging statements with persons employed by the District at other colleges regarding perceived problems with her supervisors at GateWay was inappropriate.

37. The Defendants deny the allegations of ¶ 37 of the Complaint.

38. The Defendants deny the allegations of ¶ 38 of the Complaint.

39. The Defendants lack any information regarding the allegations of ¶ 39 and, therefore, deny such allegations.

40. The Defendants lack any information regarding the allegations of ¶ 40 and, therefore, deny such allegations.

41. The Defendants lack any information regarding the allegations of ¶ 41 and, therefore, deny such allegations.

42. The Defendants lack any information regarding the allegations of ¶ 42 and, therefore, deny such allegations.

43. The Defendants lack any information regarding the allegations of ¶ 43 and, therefore, deny such allegations.

44. The Defendants lack any information regarding the allegations of ¶ 44 and, therefore, deny such allegations.

45. The Defendants lack any information regarding the allegations of ¶ 45 and, therefore, deny such allegations.

46. The Defendants lack any information regarding the allegations of ¶ 46 and, therefore, deny such allegations.

47. The Defendants lack any information regarding the allegations of ¶ 47 and, therefore, deny such allegations.

48. The Defendants lack any information regarding the allegations of ¶ 48 and, therefore, deny such allegations. The Defendants affirmatively alleges that they were not

notified that Plaintiff filed a complaint with US Department of Education's Office of Civil Rights.

49. The Defendants lack any information regarding the allegations of ¶ 49 and, therefore, deny such allegations.

50. The Defendants admit that on May 28, 2017 Plaintiff delivered to Dr. Miranda a letter alleging violations of the Americans with Disabilities Act ("ADA"), regulations based on the ADA, FERPA, Title IX set forth in 20 U.S.C. § 1681 et seq., and practices recommended by a private organization known as AHEAD. The letter speaks for itself as to what was alleged. The Defendants deny the remaining allegations of ¶ 50 of the Complaint. The Defendants denies that the District violated any applicable laws. Defendants affirmatively allege that Dr. Wise was on vacation from May 1, 2017 through July 6, 2017.

51. The Defendants deny the allegations of ¶ 51 of the Complaint.

52. The Defendants admit that on February 27, 2017 Dr. Miranda, as acting DRS Manager, met with Plaintiff to go over Dr. Miranda's workplace expectations for Plaintiff to properly perform her duties in the Office Coordinator II position; that Dr. Miranda explained to Plaintiff that she, like all full-time employees, was required to accurately and fully enter information and complete her time card using the District's Human Capital Management system; that Dr. Miranda also explained that she was responsible for entering information and submitting invoices for the payment of various persons or companies who provided services such as note-taking and interpreting using the District's financial system; that scheduling services and submitting for the payment for such services represented a major aspect of up to 30% of the essential duties of an Office Coordinator II; and Dr. Miranda indicated Plaintiff should obtain training to fulfill these duties. The Defendants deny the remaining allegations of ¶ 52 of the Complaint.

53. The Defendants deny the allegations of ¶ 53 of the Complaint.

54. The Defendants admit that at some time Dr. Miranda advised Plaintiff that she was inappropriately entering information in DRS case notes for an individual student. The Defendants deny the remaining allegations of ¶ 54 of the Complaint.

55. The Defendants deny the allegations of ¶ 55 of the Complaint.

56. The Defendants deny the allegations of ¶ 56 of the Complaint.

57. The Defendants deny the allegations of ¶ 57 of the Complaint.

58. The Defendants deny the allegations of ¶ 58 of the Complaint.

59. The Defendants admit that the District does have records including the Workplace Expectations document, various e-mails, and other documents regarding the duties for which Plaintiff was responsible. The Defendants deny the remaining allegations of ¶ 59 of the Complaint.

60. The Defendants admit that Plaintiff had to be told on several occasions that her duties were to provide general procedural information to students, staff and faulty, and it was not her role as the Office Coordinator II in DRS to make substantive assessments or determinations. The Defendants deny the remaining allegations of ¶ 60 of the Complaint.

61. The Defendants deny the allegations of ¶ 61 of the Complaint.

62. The Defendants deny the allegations of ¶ 62 of the Complaint.

63. The Defendants admit that on May 3, 2017 Dr. Miranda sent an e-mail to Plaintiff and affirmatively alleges that such e-mail speaks for itself. The Defendants deny the remaining allegations of ¶ 63 of the Complaint.

64. The Defendants deny the allegations of ¶ 64 of the Complaint.

65. The Defendants admit that Plaintiff stated that her son had tried to commit suicide and that as a result she was unavailable to work for a period. The District further admits and/or alleges that Spring Break in the Spring 2017 semester at GateWay was March 13-19, 2017 and the entire college at all campuses was closed March 16-19, 2017. The Defendants deny the remaining allegations of ¶ 65 of the Complaint.

66. The Defendants admit that Dr. Miranda was informed of Plaintiff's situation regarding her son. The Defendants deny the remaining allegations of ¶ 66 of the Complaint.

67. The Defendants deny the allegations of ¶ 67 of the Complaint.

68. The Defendants deny the allegations of ¶ 68 of the Complaint.

69. The Defendants deny the allegations of ¶ 69 of the Complaint.

70. The Defendants deny the allegations of ¶ 70 of the Complaint.

71. The Defendants admit that due to Plaintiff's failure to obtain the training which she was directed to get by Dr. Miranda, Plaintiff was aware that she failed to take the necessary steps to get vendors timely and properly paid. The Defendants deny the remaining allegations of ¶ 71 of the Complaint.

72. The Defendants admit that on June 15, 2017 Plaintiff was notified by letter that she was terminated as of that date and this date was before the end of her probationary period. The Defendants affirmatively allege that the District had the right to terminate Plaintiff's employment at any time.

73. The Defendants admit the allegations of ¶ 73 of the Complaint.

74. The Defendants admit that Plaintiff on April 24, 2017 provided to Alyssa Brown, a HR Business Partner with the District's HR Solutions Center, a letter from Surge Points. The letter speaks for itself as to its contents. The Defendants deny the remaining allegations of ¶ 74 of the Complaint.

75. The Defendants admit that on May 1 or 2, 2017, Plaintiff submitted a Request for Reasonable ADA Accommodations form to the District's HR Solutions Center which alleged Plaintiff suffered from Post-Traumatic Stress Disorder. The document speaks for itself as to its content. The Defendants deny the remaining allegations of ¶ 75 of the Complaint. The Defendants affirmatively allege that although provided with the proper form, Plaintiff failed to submit the other form necessary for the District to process a request for accommodation.

76. The Defendants admits that the quoted language appears in a portion of the Request for Reasonable ADA Accommodations form submitted by Plaintiff. The Defendants deny that the statement is accurate.

77. The Defendants admit that such language appears in a portion of the Request for Reasonable ADA Accommodations form submitted by Plaintiff to the District. The Defendants deny that the statement is accurate or requests a reasonable accommodation for a disability under District policy, the ADA or the Rehabilitation Act.

78. The Defendants deny the allegations of ¶ 78 of the Complaint.

79. The Defendants deny the allegations of ¶ 79 of the Complaint.

80. The Defendants lack sufficient information as to the truth of the allegations in ¶ 80 of the Complaint and, therefore, deny such allegations. The Defendants affirmatively allege that Plaintiff represented and/or ratified her time cards which are inconsistent with such claim.

81. The Defendants deny the allegations of ¶ 81 of the Complaint.

82. The Defendants admit that Plaintiff's hourly rate for pay in 2017 was $16.80 per hour. The Defendants deny the remaining allegations of ¶ 82 of the Complaint.

83. The Defendants lack sufficient information as to the truth of the allegations in ¶ 83 of the Complaint and, therefore, deny such allegations. The Defendants affirmatively alleges that Plaintiff represented and/or ratified her time cards which are inconsistent with such claim.

84. The Defendants admit Plaintiff was paid by the District for all time reported by and for her in 2016 and most of 2017. The Defendants deny the remaining allegations of ¶ 84 of the Complaint.

85. The Defendants deny the allegations of ¶ 85 of the Complaint.

86. The Defendants deny the allegations of ¶ 86 of the Complaint.

87. The Defendants deny the allegations in ¶ 87 of the Complaint.

**FIRST CLAIM FOR RELIEF**

88. In response to the allegations of ¶ 88 of the Complaint, the Defendants incorporate their admissions, denials and other responses set forth above or below.

89. The allegations of ¶ 89 of the Complaint do not seem to call for any admission or denial from Defendants. The Defendants acknowledges 42 U.S.C. § 12203(a), which is part of the ADA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District or Defendants violated such statute.

90. The allegations of ¶ 90 of the Complaint do not seem to call for any admission or denial. The Defendants acknowledge 42 U.S.C. § 12203(b), which is part of the ADA, and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District or the Defendants violated such statute.

91. The Defendants deny the allegations of ¶ 91 of the Complaint.

92. The Defendants admit that Plaintiff delivered a letter on May 28, 2017 to Dr. Miranda and that Plaintiff was terminated on June 15, 2017. The Defendants deny those events are in any way related.

93. The allegations of ¶ 93 of the Complaint do not seem to call for any admission or denial. The Defendants acknowledge the Rehabilitation Act and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District or Defendants violated such statute.

94. The District admits that Plaintiff delivered on or about May 1 or 2, 2017 a form requesting a reasonable accommodation and that Plaintiff was terminated on June 15, 2017. The Defendants deny those events are in any way related.

95. The Defendants deny the allegations of ¶ 95 of the Complaint.

96. Except to the extent expressly admitted herein, the Defendants deny every allegation of the First Claim for Relief and ¶ 1 through 95 of the Complaint, whether viewed singly or in combination.

**SECOND CLAIM FOR RELIEF**

97. In response to the allegations of ¶ 96 of the Complaint, the Defendants incorporate their admissions, denials and other responses set forth above or below.

98. The allegations of ¶ 97 of the Complaint do not seem to call for any admission or denial. The Defendants acknowledge A.R.S. § 38-532 and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District or Defendants violated such statute.

99. The allegations of ¶ 98 and 99 of the Complaint do not seem to call for any admission or denial. The Defendants acknowledge A.R.S. § 23-1501(3)(c)(ii) and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District or the Defendants violated such statute.

100. The Defendants admit that on May 28, 2017 Plaintiff delivered to Dr. Miranda a letter regarding alleged violations as set forth in the letter. The Defendants deny the remaining allegations of ¶ 100 of the Complaint. The Defendants deny that the District or the Defendants violated any applicable law or retaliated for any disclosure protected by law.

101. The Defendants deny the allegations of ¶ 101 of the Complaint.

102. The allegations of ¶ 102 of the Complaint do not seem to call for any admission or denial. The Defendants acknowledge A.R.S. § 23-1501(3)(c)(i) and such statute speaks for itself, and must be interpreted in conjunction with other statutes, regulations and case law. The Defendants deny that the District or the Defendants violated such statute.

103. The Defendants deny the allegations of ¶ 103 of the Complaint.

104. Except to the extent expressly admitted herein, the Defendants deny every allegation of the Second Claim for Relief and ¶ 1 through 103 of the Complaint, whether viewed singly or in combination.

## THIRD CLAIM FOR RELIEF

105. In response to the allegations of ¶ 104 of the Complaint, the Defendants incorporate their admissions, denials and other responses set forth above or below.

106. The allegations of ¶ 105 of the Complaint do not seem to call for any admission or denial. The elements of the tort of intentional infliction of emotional distress are set forth in case law. The Defendants deny that the District or the Defendants committed this tort.

107. The Defendants deny the allegations of ¶ 106 of the Complaint.

108. The Defendants deny the allegations of ¶ 107 of the Complaint.

109. The Defendants deny the allegations of ¶ 108 of the Complaint.

110. The District denies the allegations of ¶ 109 of the Complaint.

111. The allegations of ¶ 110 of the Complaint do not seem to call for any admission or denial. The doctrine of respondeat superior is as set forth in case law.

112. The Defendants admit that the acts and omissions of Dr. Wise and Dr. Miranda were done in the course of their employment with the District.

113. The Defendants deny the allegations of ¶ 112 of the Complaint.

114. The Defendants deny the allegations of ¶ 113 of the Complaint.

115. The Defendants deny the allegations of ¶ 114 of the Complaint.

116. The Defendants deny the allegations of ¶ 115 of the Complaint.

117. Except to the extent expressly admitted herein, the Defendants deny every allegation of the Third Claim for Relief and ¶ 1 through 115 of the Complaint, whether viewed singly or in combination.

## FOURTH CLAIM FOR RELIEF

118. This claim has been dismissed pursuant to stipulation of the parties and an order of this Court, so no response is necessary

## AFFIRMATIVE DEFENSES

119. The Defendants alleges the Complaint and each claim for relief fails to state a valid claim upon which relief can be granted.

12

120. Defendants affirmatively allege they, as individuals, may not be sued under the ADA or the Rehabilitation Act.

121. The Defendants affirmatively allege that Plaintiff's state law claims may be barred in part for the failure to timely comply with the notice of claim statute, A.R.S. § 12-821.01, having filed her notice on August 1, 2017 making any claim which accrued on or before February 2, 2017 barred.

122. The Defendants affirmatively allege that Plaintiff's state law claims may be barred in part for the failure to timely file this action pursuant to A.R.S. § 12-541 or A.R.S. § 12-821 so that any state law claims accruing before January 9, 2017 would be barred.

123. The Defendants affirmatively allege that any claim for punitive damages under is barred pursuant to A.R.S. § 12-820.04.

124. The Defendants affirmatively allege that any claim for damages or equitable relief under the ADA or the Rehabilitation Act is subject to the limitations set forth in 42 U.S.C. § 1981a.

125. The Defendants affirmatively allege that their statements regarding Plaintiff are privileged under the First Amendment, the Arizona Constitution, and the common law and they did not utter such statements with actual malice as defined in court cases.

126. The Defendants affirmatively allege that their statements regarding Plaintiff were true or substantially true which is a complete defense.

127. The Defendants affirmatively allege that Plaintiff's claims which are based upon statements made regarding Plaintiff are subject to the framework and standards for a defamation action under the First Amendment, the Arizona Constitution, and the common law.

128. The Defendants affirmatively allege that Plaintiff's claim for infliction of emotional distress may be barred under Arizona's workers compensation statutes.

129. The Defendants affirmatively alleges that the District and the Defendants would have taken the same action towards Plaintiff without regard to any alleged unlawful criteria or protected activity.

130. The Defendants affirmatively allege they acted in good faith and did not violate clear law, so they are protected by qualified immunity.

131. The Defendants affirmatively allege that Defendants had legitimate non-discriminatory and non-retaliatory reasons for all decisions and actions regarding Plaintiff.

132. The Defendants affirmatively allege that Plaintiff's unclean hands, including violating FERPA, the ADA, and the Rehabilitation Act, should preclude or limit her equitable remedies and/or damages.

133. The Defendants affirmatively allege that the Plaintiff has and/or may have failed to mitigate and/or avoid her damages.

134. The Defendants affirmatively allege that Plaintiff's receipt of unemployment benefits should reduce her claimed damages.

135. Defendants affirmatively allege that Plaintiff assumed the risk, was comparatively negligent, and/or was otherwise at fault for some her damages which should reduce any recovery under state law pursuant to A.R.S. § 12-2506.

136. Defendants affirmatively allege joint and several liability has been abolished and each party is liable only for their or their employees' fault pursuant to A.R.S. § 12-2506.

137. The Defendants affirmatively allege that they may be entitled to recover their reasonable attorney's fees, expert witness fees, costs, and/or expenses pursuant to A.R.S. § 12-341.01, 28 U.S.C. § 1927, 42 U.S.C. § 1988, and/or 42 U.S.C. § 12205 to the extent they are sued under any claim but the Third Claim for Relief.

138. The Defendants affirmatively allege that they may be entitled to recover their taxable costs incurred in this action.

**DEMAND FOR A JURY TRIAL**

The Defendants hereby requests a jury trial on all issues triable to a jury.

Wherefore, the Defendants having answered the allegations of the Complaint, pray that this action be dismissed with prejudice and Plaintiff taking nothing; that this Court deny any request for injunctive relief; award the Defendants their reasonable attorney's fees incurred in defending this action; award the Defendants their taxable costs incurred in defending this action; and for such other and further relief as this Court deems just and proper.

DATED: May 18, 2018.

UDALL SHUMWAY PLC

/s/ David R. Schwartz
David R. Schwartz
1138 North Alma School Road
Suite 101
Mesa, AZ  85201
Attorneys for Defendant Maricopa County
Community College District, Wise and Miranda

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018, I electronically filed the attached document using ECF for filing and transmitted the document through ECF to the following registered ECF users:

Israel G. Torres
James E. Barton, II
Saman Golestan
TORRES LAW GROUP, PLLC
2239 W. Baseline Rd.
Tempe, AZ  85283
Attorneys for Plaintiff

  /s/ Kimberly Kershner

5148702.1
109883.022

15